UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| VERNIS FARMER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 1:13CV00144 SNLJ |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This case is a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Vernis Farmer. On April 29, 2010, Farmer was found guilty by a jury of the offense of False Statement of a Material Fact in Determining Rights to Payment and Failure to Disclose Event to Social Security, and on September 13, 2010, this Court sentenced Farmer to the Bureau of Prisons for a term of 21 months, a sentence within the sentencing guideline range. Farmer's § 2255 action, which is based on several allegations of ineffective assistance of counsel, is fully briefed and ripe for disposition.

### I. PROCEDURAL HISTORY

Defendant was convicted of making a false statement to obtain Social Security Disability benefits and knowingly concealing that he earned wages above the income threshold and was sentenced to 21 months imprisonment and ordered to pay restitution. Farmer appealed the sentence as being substantively unreasonable, but the Eighth Circuit Court of Appeals affirmed the District Court. *United States v. Farmer*, 647 F.3d 1175

(8th Cir. 2011). Farmer subsequently filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255, herein.

## II. NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF

28 U.S.C. § 2255 provides, in pertinent part:

Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under § 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner=s factual averments as true, but the court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill,* 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. *Id.* at 225-6. *See also United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992).

## III. DISCUSSION

### A. SOCIAL SECURITY RECORDS WERE PROPERLY INTRODUCED AT TRIAL.

Farmer alleges in his first ground that he received ineffective assistance of counsel when his trial attorney failed to object to the admission of business records at the trial on the basis that they were hearsay. The gist of Farmer's argument is that Government witness Tamera Smith, an employee from the Social Security Administration (SSA) testified about a number of documents prepared by herself and other employees from Farmer's official file with the SSA which constituted evidence of his crimes. According to Farmer, there should have been an objection raised, because the documents "were not self-authenticating and did not fit within any hearsay exception.

This contention is simply wrong. The records in question were clearly records of regularly conducted activity on the part of the SSA relating to Farmer's fraudulent claim, his verification of that claim and the payments that he received as a result of his fraudulent claim. Federal Rule of Evidence 803(6) specifically provides that such records

are not excluded by the hearsay rule, even though the declarant may be available as a witness.

In this instance, Farmer would have gained nothing had his trial counsel objected, as the records from Farmer's SSA file clearly fell within the business records exception and were properly admitted at trial. Counsel simply can't be ineffective in not doing something that would have in no way changed the outcome of the trial.

Clearly, Farmer is not entitled to relief on this basis and this ground will be dismissed without the necessity of an evidentiary hearing.

**B. NO INEFFECTIVE ASSISTANCE IN FAILING TO CALL FARMER'S WIFE**

In Ground Two, Farmer asserts that he received ineffective assistance of counsel in that his attorney failed to call his wife as a witness, alleging that she could have established that he did not have the intent to defraud the Government, that because of his mental illness he had difficulty in thinking and recalling events, and finally that he was forced to work "extremely long hours" during the period in question, when he was on disability. (Document 105, p. 18)

To begin with, Mrs. Farmer is simply not competent to testify about the mental state of her husband, she simply could not legitimately say that Farmer did not have the intent to defraud the Government. Farmer testified at trial that he had memory issues and could not recall certain events. As with any witness the trier of fact was free to come to any reasonable conclusion based upon the evidence concerning Mr. Farmer's truthfulness.

Although Farmer states that Mrs. Farmer's testimony "would have dispelled any suspicion the jury may have entertained about both her husband's memory and sincerity," (*id.*) Mrs. Farmer could not properly be called to testify about his truthfulness or his sincerity either, in spite of Farmers contention to the contrary. At best all she could have added were her own observations about his memory, but Farmer fails to specifically identify what issues she could have cleared up for the jury, or exactly how that could have changed the outcome of the trial.

Finally, Farmer asserts that his wife would have testified about "the extremely long hours that Petitioner was forced to work". (Doc 105, p. 18) Defense counsel was clearly acting in Farmer's best interests in not presenting this evidence, as it would have clearly assisted in proving Farmer guilty of offenses for which he was ultimately convicted. Farmer was charged with claiming to be disabled, working far more hours than he was permitted to under SSA rules, and then lying about it to the SSA. His wife's testimony that he was working "extremely long hours" would have in no way helped the defendant's case, but rather would have confirmed the rest of the evidence that clearly pointed to his guilt.

This ground is also without merit and will be dismissed without the necessity of an evidentiary hearing.

## C. COUNSEL WAS NOT INEFFECTIVE IN FAILING TO INVESTIGATE THE ANYNOMOUS TIPSTER.

Farmer claims that he was prejudiced by his attorney's failure to investigate the source of the anonymous tip that triggered the investigation "to determine if it was a

person with some form of malice for the Petitioner, a former Chief of Police."(Document 105, p. 19) This failure supposedly "allowed the Petitioner to be convicted upon the hearsay evidence of non-testifying witnesses" and resulted in a violation of his right of confrontation. *Id.*

This assertion is truly without any merit at all. In the first place, it is patently unreasonable to expect counsel to investigate an anonymous tipster. Where does one begin in such an investigation? Secondly, does it really matter if the person informed on Farmer because of some personal or professional animosity toward him, or out of a sense of civic duty because they learned that the Chief of Police was defrauding the tax payers?

The only importance of fact that there was an anonymous tipster is that it explains how the investigation got started. Even had trial counsel been able to find the anonymous tipster, knowing that person's identity and/or motives, would not profit his case. An attorney is under no obligation to pursue an unpromising investigation. *Harvey v. United States*, 850 F.2d 388, 403 (8th Cir. 1988)

While Farmer complains that his right to confrontation was violated in this regard, as a matter of law, the right of confrontation is not implicated where the person did not testify as was the case here. Nor was the confrontation clause involved where the information was offered only to demonstrate how the investigation started. *United States v. Mitchell*, 502 F.3d 931, 966 (9th Cir. 2007)(no confrontation clause violation where officer testified about conversation with witness to explain basis for investigation) Clearly, this ground will be denied without the necessity of any further proceedings.

**D. NO INEFFECTIVE ASSISTANCE IN PERMITTING FARMER TO TESTIFY.**

Farmer next alleges that his trial counsel "made a catastrophic strategic blunder in permitting the petitioner to testify in his own defense when he must have known that the Petitioner had trouble recalling events", and that Mrs. Farmer "would have been more suitable to testify." (Document 105, p. 20) Farmer also states that counsel erred in not requesting a mental evaluation to determine his mental condition at the time of the offenses. *Id.*

Farmer makes a vague inference, but does not come out and make an allegation that he was either not legally responsible at the time that he committed the offenses, or that he was not competent to stand trial. Nor does Farmer offer a shred of evidence that would indicate that this was in fact the state of affairs at trial. Nothing in the record suggests that Farmer was a candidate for a fitness examination at any time.

When it can time for Farmer to present evidence at the trial this Court went over what his rights were in that regard;

> THE COURT: Mr. Farmer, I want to ask you a couple questions and give you some information before we bring the jury back out, before you decide finally whether to testify or not. As you know, you certainly have a right to testify and take the witness stand and tell your side of the story. You know that, don't you?
>
> FARMER: Yes, sir.
>
> THE COURT: On the other hand, you have a right not to testify. And as I mentioned in the instructions that I read to the jury before, if you decide not to testify, nothing can be said to the jury about your failure to testify. By that I mean, they will be instructed that they cannot hold that against you in any way if you decide not to testify. On the other hand, if you do testify, then the Government will cross-examine you and they can bring out all sorts of information about your past, including

<table>
<tr><td></td><td>criminal history, if you have any of that -- I don't know whether you do or not. They can – but they'll be able to cross-examine you about everything pertaining to this case. Do you understand that, too?</td></tr>
<tr><td>FARMER:</td><td>Yes, sir.</td></tr>
</table>

(TRS Trial Vol. I, pp. 174-175)

Farmer then decided that he wanted some additional time to discuss the matter with his attorney and this Court allowed them to confer, although it denied Farmer's motion to continue the trial until the following day to allow him to decide whether or not to testify. After the conference, this Court inquired further.

<table>
<tr><td>THE COURT:</td><td>... Mr. Farmer, I have given you some additional time to talk with your lawyer further. Have you made a decision then?</td></tr>
<tr><td>FARMER:</td><td>Yes, I have.</td></tr>
<tr><td>THE COURT:</td><td>And you wish to testify then?</td></tr>
<tr><td>FARMER:</td><td>Yes, sir.</td></tr>
<tr><td>THE COURT:</td><td>All right. Do you have any questions about it?</td></tr>
<tr><td>FARMER:</td><td>I'm sorry, sir?</td></tr>
<tr><td>THE COURT:</td><td>Do you have any questions about your decision then? That I could –</td></tr>
<tr><td>FARMER:</td><td>No, sir. I believe it's in my best interest to testify.</td></tr>
</table>

(TRS Trial Vol. I, p. 176)

Nor was trial counsel in a position to permit, or prohibit for that matter, Farmer from testifying in his own defense, as that is a right controlled by an individual defendant and not their attorney. *United States v. Bernloehr*, 833 F.2d 749, 751 (8th Cir. 1987)

(Because the right to testify is a fundamental constitutional guarantee, only the defendant is empowered to waive the right). Counsel could not have prohibited Farmer from testifying if he had tried. Additionally, as Farmer's defense was a lack of intent to defraud, only Farmer was competent to testify about his own mental state. While, in the long run, Farmer was unable to convince the jury in light all the evidence, his decision to testify in his own behalf was absolutely consistent with his defense strategy.

As a practical matter even had Farmer's trial counsel encouraged him to testify, and there is no evidence as to what counsel advised in this regard, the fact that the jury chose not to believe him in light of the other evidence would not mean that counsel's advice was constitutionally deficient. "The exercise of reasonable professional judgment, 'even when hindsight reveals a mistake in that judgment, does not render a lawyer...lacking in competence in rendering his (or her) services.' There is a presumption that counsel has rendered effective assistance. To overcome the presumption, (the petitioner) 'must shoulder a heavy burden.'" *Brown v. United States*, 656 F.2d 361, 363 (8th Cir. 1981), *quoting United States v. Blue Thunder*, 604 F.2d 550, 554 (8th Cir. 1979).

## IV. CONCLUSION

For the foregoing reasons, this Court denies Farmer's § 2255 petition, without a hearing.

**SO ORDERED** this 28th day of August, 2014.

                                           _____
                                           STEPHEN N. LIMBAUGH, JR.
                                           UNITED STATES DISTRICT JUDGE